# UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

|  |  |
|---|---|
| In re: ) | |
| ) | Case No. 18-71106-FJS |
| TIFFANY ANN RINER, ) | |
| ) | Chapter 7 |
| *Debtor*. ) | |

### ORDER REQUIRING THE FILING OF FEE AGREEMENT AND SETTING HEARINGS ON REAFFIRMATION AGREEMENT AND REVIEW OF COMPENSATION

This matter comes before the Court on the Reaffirmation Agreement between the Debtor and Michael Wayne Investment Co. (the "Creditor") filed on June 15, 2018. The Reaffirmation Agreement concerns the reaffirmation of an indebtedness of $4,555.51, which is secured by a 2004 Chevolet Trailblazer. The Reaffirmation Agreement reflects that the debtor has a negative net income, causing a presumption of undue hardship to arise. Genene E. Gardner, counsel for the debtor, executed Part C of the Reaffirmation Agreement, which indicates that she is certifying that each of the three requirements set forth in 11 U.S.C. § 524(c)(3) is satisfied.

Appended to the Reaffirmation Agreement is a letter to the debtor from the Merna Law Firm and a document entitled "Affidavit of Understanding Regarding Reaffirmation Agreement" (the "Affidavit of Understanding"). The Affidavit of Understanding sets forth numerous statements that the debtor is to acknowledge by affixing her initials. Among the statements included in the Affidavit of Understanding are the following:

> 5) I/We have been advised that if a reaffirmation hearing is required due to our negative cash flow, or set by the Court or creditor, the cost of such a hearing is not included in the fees quoted and paid prior to the filing of the case. The cost to appear for the hearing is $395.00 and will be due within 30 days of the hearing. This cost will apply to each hearing.

> 8) I/We acknowledge that we have been instructed that in the event of a change of circumstance immediately after the filing of the reaffirmation a recission must be filed before discharge or within 60 days of the reaffirmation in order to void the reaffirmation. To file a recission, I/we agree to contact our attorney directly and send an e-mail to jmerna@mernalaw.com advising of this. If both are not done, I/we agree that we waive any claim for damages due to not being able to get the recission filed in time. Additionally, I/we acknowledge a fee of $150.00 will be due immediately for this service.

The Affidavit of Understanding reflects that both statements were initialed as acknowledged by "TR."

The Disclosure of Compensation of Attorney for the Debtor filed in this case with the voluntary petition on March 30, 2018, indicates that the Merna Law Firm received $1,373.00 from the debtor for legal services in this case. The Disclosure of Compensation of Attorney for the Debtor does not list any services that are excluded from the fee.

Accordingly, the Court finds that because the reaffirmation agreement imposes an undue hardship on the debtor and the creditor is not a credit union, the Court may review the presumption pursuant to 11 U.S.C. § 524(m)(1) notwithstanding the attorney's certification on Part C.

Further, the Court has an independent duty to review compensation in bankruptcy cases pursuant to 11 U.S.C. §§ 329 and 330. *See In re Beale*, 553 B.R. 69, 85 (Bankr. E.D. Va. 2016). The Court finds that because it appears that the Affidavit of Understanding provides for the unbundling of legal services related to the Reaffirmation Agreement from the fees previously paid by the debtor and that this unbundling was not disclosed on the Disclosure of Compensation of Attorney for the Debtor, the Court finds that the Merna Law Firm shall file their fee agreement in this case with the Court for review by the Court. The Court further finds that the Court should review the compensation of the attorney for the debtor in this case.

Therefore, the Court ORDERS that a hearing on the Reaffirmation Agreement and a hearing on review of compensation in this case will both be convened on **July 24, 2018, at 10:00 a.m.,** at the **United States Bankruptcy Court, 600 Granby Street, 4th Floor, Courtroom Two, Norfolk, Virginia.** This Order constitutes notice of these hearings.

The Court further ORDERS that the Merna Law Firm shall file a copy of their fee agreement with the Court by July 10, 2018.

The Court further ORDERS that the Debtor shall not tender any additional fees to the Merna Law Firm absent further order of this Court.

Finally, the Court ORDERS that the debtor, counsel for the debtor, and the Assistant United States Trustee or a trial attorney from the office of the United States Trustee shall appear at the hearings.

The Clerk shall deliver copies of this Order to the debtor, counsel for the debtor, the Creditor, and the Office of the United States Trustee.

IT IS SO ORDERED.

Jun 21 2018

/s/ Frank J. Santoro

FRANK J. SANTORO
United States Bankruptcy Judge

Entered on Docket:  Jun 21, 2018